STATE OF HAWAI'I, Plaintiff-Appellee,
v.
THINH MINH LUONG, Defendant-Appellant
No. 29436.
Intermediate Court of Appeals of Hawaii.
July 24, 2009.
On the briefs:
Setsuko Regina Gormley, Deputy Public Defender, for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA, and FUJISE, JJ.
Defendant-Appellant Thinh Minh Luong (Luong) appeals from the Judgment filed on September 25, 2008, in the District Court of the First Circuit (district court).[1] Luong was charged by complaint with one count of fourth degree theft, in violation of Hawaii Revised Statutes (HRS) 708-833(1) (1993).[2] The complaint alleged that Luong did obtain or exert unauthorized control over the property of the complaining witness (CW) having a value which did not exceed $100, with intent to deprive the CW of the property, and/or did intentionally receive, retain, or dispose of such property, knowing it had been stolen, with intent to deprive the CW of the property. After a bench trial, Luong was found guilty as charged. He was sentenced to thirty days in jail.

I.
On appeal, Luong argues that there was insufficient evidence that he acted with the intent to deprive the CW of the CW's property. We disagree.
The prosecution adduced the following evidence at trial. The CW's car and two other cars nearby were broken into while parked in the lower level of the Pagoda Hotel parking lot. A security guard was alerted to the break-ins by the beeping of a car alarm and called the police. Sergeant Albert Lee responded and reviewed a surveillance video which showed a Chevy with distinctive markings stop in the area of the parking lot where the three cars had been parked at the estimated time of the break-ins. The video showed two men in the Chevy, the driver and a passenger, and also showed the passenger exit and then enter the Chevy. The video did not show any other cars approach the area.
Although Sergeant Lee could not see the face of the Chevy's driver clearly in the video, he observed that the driver was wearing a blue shirt and a cream-colored cap. Within an hour after leaving the Pagoda Hotel, Sergeant Lee saw Luong getting into a Chevy that had the same distinctive markings as the Chevy in the surveillance video. Luong was wearing a shirt that appeared similar to that worn by the driver in the video, and Sergeant Lee saw a cream-colored cap on the Chevy's dashboard and a screwdriver/ice pick, commonly used to break into cars, on the passenger seat. The police recovered a DVD player and other items from the Chevy and a Sprint pre-paid phone card from Luong's person. The CW identified these items as property belonging to the CW that had been stolen from the CW's car. The CW did not give Luong permission to take these items from the CW's car.
When viewed in the light most favorable to the prosecution, State v. Meyers, 112 Hawai`i 278, 286, 145 P.3d 821, 829 (App. 2006), the evidence showed that Luong participated in the break-in of the CW's car, then drove away with property taken from the CW's car, which Luong kept until the property was recovered by the police. There was substantial evidence to prove that Luong acted with the intent deprive the CW of the CW's property and to prove that Luong was guilty as charged of fourth degree theft.

II.
We affirm the September 25, 2008, Judgment of the district court.
NOTES
[1] The Honorable Gerald Kibe presided.
[2] HRS § 708-833 (1) provides that "[a] person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $100." HRS 708-830 (Supp. 2008) provides, in relevant part:

Theft. A person commits theft if the person does any of the following:
(1) Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.
. . . .
(7) Receiving stolen property. A person intentionally receives, retains, or disposes of the property of another, knowing that it has been stolen, with intent to deprive the owner of the property.
The term "unauthorized control over property" is defined to mean "control over property of another which is not authorized by the owner," and the term "control over the property" is defined to mean "the exercise of dominion over the property and includes, but is not limited to, taking, carrying away, or possessing the property, or selling, conveying, or transferring title to or an interest in the property." HRS § 708-800 (1993).